USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 18, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
GILBERT PARKER, :
:
                Plaintiff, :
:
               v. :
:   04-cv-03901
NEW YORK STATE DIVISION OF PAROLE, :
PAROLE OFFICER ALICE CHIN, SENIOR : **OPINION**
PAROLE OFFICER RONALD FRIEDMAN, :
PAROLE OFFICER JOHN CIESLAK, JR., :
and SENIOR PAROLE OFFICER ANGELA :
DIBENEDETTO, :
:
               Defendants. :
:
------------------------------------------------x

THOMAS P. GRIESA, United States District Judge:

      The operative complaint in this action is the amended complaint filed on August 14, 2014. Dkt. No. 100. In the complaint, *pro se* plaintiff Gilbert Parker alleges, pursuant to 42 U.S.C. § 1983, that the New York State Division of Parole[1] and four individual parole officers—Alice Chin, Ronald Friedman, John Cieslak, Jr., and Angela DiBenedetto—violated his constitutional rights by causing him to be unlawfully detained on two separate occasions between April 2003 and July 2003. The court granted summary judgment to defendants Chin and Friedman on March 29, 2016. Dkt. No. 140. At that time, the court noted that defendants Cieslak and DiBenedetto had not been properly served. Cieslak

---

[1] The New York State Division of Parole merged into the New York State Department of Corrections and Community Supervision ("DOCCS") in 2011.

1

and DiBenedetto have since waived service of process, and now move to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Cieslak's and DiBenedetto's motion to dismiss is granted. The court also *sua sponte* dismisses plaintiff's claims against the New York State Division of Parole.

## BACKGROUND

### I. The Complaint

The following allegations, which are accepted as true for purposes of this motion to dismiss, are taken from plaintiff's complaint. On January 31, 2003, Parole Officers Chin and Friedman issued a parole warrant for plaintiff's arrest.[2] Compl. at 1. Chin and Friedman subsequently transferred plaintiff's case to Parole Officers Cieslak and DiBenedetto.[3] *Id.*

Plaintiff was arrested by New York City Police Department ("NYPD") officers on April 21, 2003, and detained until April 25, 2003. *Id.* On May 23, 2003, plaintiff was again arrested by NYPD officers, and detained until July 3, 2003. *Id.* at 1–2. Although it is not clear from the complaint what led NYPD officers to arrest plaintiff, he alleges that he was not promptly released because of problems with the parole warrant. Plaintiff suggests that the detainments were unlawful because the procedure by which the warrant was issued did not

---

[2] Plaintiff was a New York State parolee at the time. *See* Dkt. No. 140, at 2. Chin and Friedman, who were tasked with supervising plaintiff, issued the parole warrant after he fled New York State in violation of the terms of his parole on multiple occasions. *See id.* at 2–3.

[3] Cieslak and DiBenedetto were members of a special unit within the Division of Parole that searched for absconders. *See* Dkt. No. 140, at 3.

afford him due process and did not comply with the rules governing parole officers under New York law.

## II. Procedural History

This litigation began in May 2004 when plaintiff sued the New York State Division of Parole and the New York City Department of Correction for allegedly violating his constitutional rights. Dkt. No. 2. Plaintiff amended his complaint on July 1, 2004. Dkt. No. 5. The amended complaint named seven defendants. Three of these defendants were associated with New York State: Parole Officer Chin, Parole Officer Friedman, and then-Attorney General of New York Eliot Spitzer (collectively, the "State Defendants"). The remaining four defendants included the City of New York and three individuals associated with the City: Correction Officer S. Fitzpatrick, Correction Officer Jane Doe, and Captain Simon (collectively, the "City Defendants").[4]

The court dismissed plaintiff's claims against Spitzer on May 18, 2006, Dkt. No. 23, and plaintiff settled his claims against the City Defendants on September 29, 2006, Dkt. No. 25. Plaintiff's claims against Chin and Friedman, however, were not resolved. The case nonetheless went inactive for some time.

On January 29, 2008, plaintiff resumed prosecuting his claims against Chin and Friedman. *See* Dkt. No. 26. Plaintiff reported that he spoke to the attorney for Chin and Friedman after he settled with the City Defendants, but they were never able to reach a settlement agreement. *See* Dkt. No. 28.

---

[4] The amended complaint did not name the New York State Division of Parole or the New York City Department of Correction as defendants.

Between 2008 and 2012, the case was inactive for periods of time and plaintiff filed numerous procedurally improper motions, which the court denied.

Plaintiff moved to amend his complaint on February 14, 2013 to add Parole Officers Cieslak and DiBenedetto as defendants. Dkt. No. 62. The court denied plaintiff's motion on September 4, 2013 because plaintiff did not describe how Cieslak and DiBenedetto were allegedly involved in this case. Dkt. No. 79. The court, however, granted plaintiff leave to renew his motion if he included a proposed amended complaint.

Plaintiff filed a proposed amended complaint on December 3, 2013,[5] Dkt. No. 82, and a letter requesting leave to amend on January 2, 2014, Dkt. No. 83. The court granted the motion on March 20, 2014, Dkt. No. 87, and plaintiff filed his amended complaint on August 14, 2014, Dkt. No. 100. This amended complaint—now the operative complaint in this action—identified the New York State Division of Parole and Parole Officers Chin, Friedman, Cieslak, and DiBenedetto as defendants.

Plaintiff subsequently moved for summary judgment against Chin and Friedman, and for default judgment against Cieslak and DiBenedetto. Chin and Friedman cross-moved for summary judgment in their favor. On March 29, 2016, the court denied plaintiff's motion for summary judgment against Chin and Friedman, and granted Chin's and Friedman's cross-motion for summary judgment. Dkt. No. 140. The court also denied plaintiff's motion for default

---

[5] This document is improperly docketed as the "Second Amended Complaint," rather than as a proposed amended complaint in connection with a motion for leave to amend.

4

judgment against Cieslak and DiBenedetto because they had not been properly served. *Id.* Plaintiff appealed the court's March 29, 2016 decision. The Second Circuit dismissed the appeal because this court had not yet issued a final order in the case as plaintiff's claims against Cieslak, DiBenedetto, and the New York State Division of Parole were still pending. *See* Dkt. No. 144.

Cieslak subsequently waived service of process, *see* Dkt. Nos. 145–46, but plaintiff's initial attempts to serve DiBenedetto or acquire a waiver of service from her were unsuccessful. On April 4, 2017, the court directed the New York State Attorney General's Office—which was representing Cieslak—to assist plaintiff in effectuating service on DiBenedetto.[6] Dkt. No. 159. On May 11, 2017, the Attorney General's Office reported that DiBenedetto would waive service of process as well. Dkt. Nos. 163–64.

On May 23, 2017, Cieslak and DiBenedetto moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

## **DISCUSSION**

### I.   **Section 1983 Claims Against Cieslak and DiBenedetto**

Cieslak and DiBenedetto move to dismiss plaintiff's § 1983 claims pursuant to Rule 12(b)(6) arguing that, among other things, they are untimely. The motion is granted.

---

[6] The court issued this order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court liberally construes plaintiff's claims and draws all reasonable inferences in plaintiff's favor. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A case should not be dismissed under Rule 12(b)(6) "unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief." *Id.* Moreover, allegations in a *pro se* complaint "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and citation omitted). A defense that the statute of limitations bars a claim is properly raised in a motion to dismiss under Rule 12(b)(6). *Vasconcellos v. City of New York*, No. 12-cv-8445, 2014 WL 4961441, at *2 (S.D.N.Y. Oct. 2, 2014). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

Section 1983 does not provide a specific statute of limitations. *See* 42 U.S.C. § 1983; *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Therefore, courts apply the statute of limitations for state law personal injury actions to § 1983 claims. *See Hogan*, 738 F.3d at 517 (citing *Owens v. Okure*, 488 U.S. 235, 249–51 (1989)). In New York, the applicable statute is § 214 of New York's Civil Practice Law and Rules ("C.P.L.R."), which allows three years to file suit. *See* N.Y. C.P.L.R. § 214; *Hogan*, 738 F.3d at 517. Section 1983 claims filed in New York are thus subject to a three-year statute of limitations.

Because the events that are the subject of this lawsuit occurred between April 2003 and July 2003, the statute of limitations for plaintiff's claims began to run in July 2003 at the latest. Plaintiff timely filed his original complaint in May 2004, but the original complaint did not name Cieslak and DiBenedetto as defendants. It was not until February 14, 2013—nearly ten years after the statute of limitations began to run—that plaintiff first sought to add Cieslak and DiBenedetto as defendants in this action.[7] Therefore, unless an exception to the statute of limitations applies, plaintiff's claims against Cieslak and DiBenedetto are time-barred.

### A. Rule 15(c)(1)(C)

The court first considers whether plaintiff's claims against Cieslak and DiBenedetto "relate back" to one of the pleadings filed before the statute of limitations expired. Rule 15(c)(1)(C) provides the standards for the relation back doctrine under federal law. Pursuant to that rule, an amended complaint adding a new defendant relates back to the date of the original pleading if the following conditions are met:

(1) the claim must have arisen out of conduct set out in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . .

---

[7] "When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *Nw. Nat'l Ins. Co. v. Alberts*, 769 F. Supp. 498, 510 (S.D.N.Y. 1991). The court thus considers February 14, 2013 to be when plaintiff asserted claims against Cieslak and DiBenedetto.

> (4) the second and third criteria are fulfilled within [90] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d Cir. 1995)).[8] The Second Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517. In other words, the requirements of Rule 15(c)(1)(C) for relation back are not met where new names are "added not to correct a mistake but to correct a lack of knowledge." *Barrow*, 66 F.3d at 470.

Here, plaintiff concedes that his failure to sue Cieslak and DiBenedetto at the outset of this litigation was not caused by a mistake but rather a lack of knowledge about their alleged involvement in his parole supervision. Because Rule 15(c)(1)(C) cannot be used to save claims that are untimely due to a lack of knowledge, plaintiff's claims against Cieslak and DiBenedetto do not relate back to his original complaint under the federal relation back doctrine.

Moreover, even if plaintiff's failure to name Cieslak and DiBenedetto could be construed as a mistake for purposes of Rule 15(c)(1)(C), there is no

---

[8] Rule 15(c)(1)(C) derives its time limit for notice from Rule 4(m), which sets forth the time period for serving a summons and complaint. Rule 4(m) was amended in 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Even if the court were to apply the 120-day rule here—which was in effect at the time the original complaint was filed—it would not change the analysis because the delay at issue here was nearly 10 years.

8

indication that Cieslak and DiBenedetto knew or should have known that the action would have been brought against them. Cieslak and DiBenedetto did not prepare the parole warrant, they did not arrest or detain plaintiff, and at no point during the relevant time period did they have any direct contact with plaintiff. There was thus no reason for them to anticipate being sued. And although the court can impute knowledge of a lawsuit to a new defendant government official through his attorney when the attorney also represented the officials originally sued, *see Abdell v. City of New York*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010), there has been no showing here that the New York State Attorney General's Office—which represented some of the original State Defendants and now represents Cieslak and DiBenedetto—knew or should have known that Cieslak and DiBenedetto would be added to the lawsuit. As discussed above, Cieslak and DiBenedetto were merely members of a special unit that searched for parolees who had absconded. There was thus no reason for the Attorney General's Office to have anticipated that plaintiff would ever seek to add Cieslak and DiBenedetto as defendants in this litigation. In sum, Rule 15(c)(1)(C) is of no help to plaintiff.

    **B.**    **Rule 15(c)(1)(A)**

Rule 15(c)(1)(A) permits an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back." This rule was intended to make clear that Rule 15 "does not . . . preclude any relation back that may be permitted under the applicable limitations law." *Hogan*, 738 F.3d at 518 (quoting Fed. R. Civ. P. 15 advisory committee's note to

9

1991 amendment). "[I]f that law affords a more forgiving principle of relation back than the one provided in [Rule 15], it should be available to save the claim." *Id.*

The applicable limitations law here is New York law. The court, then, must consider whether New York law provides a more forgiving principle of relation back and, if it does, apply that doctrine. The inquiry, however, does not stop there. The court must also look to the "controlling *body* of limitations law—not merely the limitations law's test for relation back"—and apply any principle from the entire body of limitations law that is more forgiving than the federal relation back doctrine under Rule 15(c)(1)(C). *Hogan*, 738 F.3d at 518 (quotation marks and citations omitted).

The court begins with New York's relation back doctrine, which is governed by § 203 of the C.P.L.R. *See* N.Y. C.P.L.R. § 203(f); *see also Strada v. City of New York*, No. 11-cv-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014). Like Federal Rule 15(c)(1)(C), § 203 of the C.P.L.R. requires, among other things, a plaintiff to show that "the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995) (quotation marks and citation omitted). This element of relation back under New York law "uses the same standard as Federal Rule 15." *Fisher v. Cty. of Nassau*, No. 10-cv-0677, 2011 WL 4899920, at *5 (E.D.N.Y. Oct. 13, 2011); *see also Neal v. Wilson*, No. 15-cv-2822, 2017 WL 933229, at *4 (S.D.N.Y. Mar. 9, 2017) (describing this New York requirement as

10

"embody[ing] essentially the same limitation as Federal Rule 15(c)(1)(C)"). As discussed above, not only did plaintiff not make a *mistake*, but also there is no reason why Cieslak and DiBenedetto should have known that plaintiff would ever sue them. Thus, New York's relation back doctrine does not allow plaintiff to assert § 1983 claims against Cieslak and DiBenedetto.

Because the court must examine the controlling body of limitations law and not just the limitations law's test for relation back, one other aspect of New York's C.P.L.R. must be considered. Unlike the Federal Rules, New York law creates a special procedure for claims against John Doe defendants. *See* N.Y. C.P.L.R. § 1024. Under § 1024 of the C.P.L.R., a plaintiff may replace a John Doe defendant with a named party after the statute of limitations has run if (1) the plaintiff exercised "due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and (2) the plaintiff described "the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 518–19 (quotation marks and citations omitted).

Here, even assuming plaintiff exercised due diligence, plaintiff did not name any John/Jane Doe parties that could have possibly been intended to represent Cieslak and DiBenedetto. Plaintiff's only pleading that named a John/Jane Doe party was his amended complaint filed on July 1, 2004. *See* Dkt. No. 5. In that complaint, plaintiff listed "Correction Officer Jane Doe" as a defendant, and alleged that during his detention in June 2003, this correction officer violated his constitutional rights during an incident that occurred when

11

she escorted him from a New York City Department of Correction facility to Bellevue Hospital Center for a dermatology appointment. *Id.* It is undisputed that this Jane Doe defendant was not intended to stand in for Cieslak and DiBenedetto, and plaintiff ultimately settled his claims against this Jane Doe defendant in 2006. *See* Dkt. No. 25. Accordingly, § 1024 does not allow plaintiff to bring claims against Cieslak and DiBenedetto because plaintiff did not list any John/Jane Doe parole officers as defendants in his earlier pleadings.

### C. Equitable Tolling

Finally, a plaintiff may assert an otherwise time-barred § 1983 claim by demonstrating cause for equitable tolling. *Abbas v. Dixon*, 480 F.3d 636, 641–42 (2d Cir. 2007). "[S]tate tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Id.* at 641 (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Under New York law, the doctrine of equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (3d Dep't 2005) (quotation marks and citation omitted). Equitable tolling is an extraordinary device that "applies only when [a] plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). It is the plaintiff's burden to establish that equitable tolling should apply. *Forbes v. City of New York*, No. 15-cv-3458, 2016 WL 6269602, at *5

(S.D.N.Y. Oct. 26, 2016). To do so, "[a] plaintiff must demonstrate that he was 'prevented in some extraordinary way' from timely filing the 1983 action." *Cornado v. City of New York*, No. 11-cv-5188, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (citing *Pearl*, 296 F.3d at 85).

Here, plaintiff contends that he did not originally name Cieslak and DiBenedetto as defendants because he did not know until November 2012 that they were involved in his parole supervision. Plaintiff suggests that, once he learned of these officers' roles, he moved for leave to amend his complaint. Plaintiff argues that he should be permitted to assert these claims because defendants allegedly failed to comply with Federal Rule of Civil Procedure 26 by not providing Cieslak's and DiBenedetto's names during initial discovery.

As a preliminary matter, Rule 26(a)(1) creates no obligation for a defendant to identify other individuals that a plaintiff may be interested in suing. It only requires a party to provide "the name . . . of each individual likely to have discoverable information . . . *that the disclosing party may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added); *see also* Fed. R. Civ. P. 26(a)(1) advisory committee's note to 2000 amendment (explaining that there is no requirement for a party to "disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use"). Thus, if the original defendants here did not intend to use information provided by Cieslak and DiBenedetto to support their defenses, they had no obligation to disclose their names under Rule 26(a)(1).

13

Plaintiff's original claims were directed at the parole officers who issued the warrant: Chin and Friedman. As members of a special unit that searched for parole absconders, Cieslak and DiBenedetto were merely responsible for locating plaintiff. Because plaintiff's complaint alleged no wrongdoing by any parole officers who may have been searching for him, Cieslak and DiBenedetto were not relevant witnesses, and the original defendants would seemingly have no reason to use any information provided by them in support of their defenses. Accordingly, there was no violation of Rule 26.

Plaintiff offers no other explanation for his delay in naming Cieslak and DiBenedetto as defendants, and thus has not met his burden of demonstrating that tolling should apply. Finding nothing in the record to suggest that plaintiff did not timely file claims against Cieslak and DiBenedetto due to fraud, misrepresentations, or deception by defendants, the court holds that the doctrine of equitable tolling is inapplicable in this case. Plaintiff's § 1983 claims against Cieslak and DiBenedetto are dismissed.[9]

**II.    State Law Claims Against Cieslak and DiBenedetto**

It is unclear from plaintiff's complaint if he also asserts state law claims against Cieslak and DiBenedetto. Nonetheless, to the extent he brings state law claims against Cieslak and DiBenedetto, they are dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. A case is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "when the district

---

[9] Having found that plaintiff's § 1983 claims against Cieslak and DiBenedetto are untimely, the court declines to reach their merits.

14

court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). New York requires state law claims against DOCCS officials "arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties" to be brought in the New York Court of Claims. N.Y. Correct. Law § 24;[10] *see also Baker v. Coughlin*, 77 F.3d 12, 16 (2d Cir. 1996). Accordingly, any state law claims against Cieslak and DiBenedetto are dismissed.

### III. Claims Against the New York State Division of Parole

Plaintiff names the New York State Division of Parole as a defendant in this action, but he does not specify the particular claims he wishes to assert against it. Regardless of the nature of those claims, though, they must be dismissed because the New York State Division of Parole is entitled to immunity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment bars a suit in law or equity in federal court by a citizen of a state against that state, absent the state's consent to such a suit or Congressional abrogation of immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). State agencies serve as an arm of the state and are, therefore, entitled to Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 124 (1984). Here, the Division of

---

[10] The court notes that New York Correction Law § 24 only applies to claims brought under state law, not federal claims brought under § 1983. *See Haywood v. Drown*, 556 U.S. 729, 740 (2009); *see also Ciaprazi v. Jacobson*, No. 13-cv-4813, 2014 WL 5050591, at *3 (S.D.N.Y. Sept. 22, 2014) ("[I]nsofar as Correction Law § 24 relegates federal claims to the state court of claims, the law is unconstitutional, but . . . its preclusion of state claims in federal court does not violate the Supremacy Clause.").

Parole is a state agency, New York has not waived its Eleventh Amendment immunity, and 42 U.S.C. § 1983 does not abrogate the state's Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff's claims against the New York State Division of Parole are thus *sua sponte* dismissed. *See Murray v. N.Y. State Div. of Parole*, No. 13-cv-7090, 2015 WL 737329, at *1 (E.D.N.Y. Feb. 20, 2015) (finding claims against the New York State Division of Parole barred by the Eleventh Amendment); *Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 425–26 (S.D.N.Y. 2001) (same); *see also Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) (addressing the Eleventh Amendment *sua sponte* because it affects subject matter jurisdiction).

## IV. Leave to Amend Is Denied

The Second Circuit has held that a *pro se* complaint is to be read liberally, and that a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citations omitted). However, where the problem with a *pro se* plaintiff's claims is substantive, such that "better pleading will not cure it," leave should be denied. *Id.*; *see also Azkour v. Bowery Residents' Comm., Inc.*, 646 F. App'x 40, 40 (2d Cir. 2016) ("[A] district court need not grant leave to amend when doing so would be 'futile.'").

Here, plaintiff's federal claims against Cieslak and DiBenedetto are time-barred, his state law claims against them in federal court are barred by New

16

York State law, and his claims against the New York State Division of Parole are barred by the Eleventh Amendment. Repleading would thus be futile, so leave to amend is denied.

## CONCLUSION

For the reasons stated above, Cieslak's and DiBenedetto's motion to dismiss is granted. The court also *sua sponte* dismisses plaintiff's claims against the New York State Division of Parole. Leave to amend would be futile and is denied.

This opinion resolves the motion listed at docket number 166. The Clerk of Court shall mail a copy of this opinion to plaintiff and note service on the docket. Because the court previously granted summary judgment to the other two defendants listed in the amended complaint (Chin and Friedman), *see* Dkt. No. 140, all of plaintiff's claims have now been resolved. The Clerk of Court is, therefore, respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: New York, New York
August 18, 2017

Thomas P. Griesa
United States District Judge